Next case this morning, set for 11, is People v. Fickes, 5-14-0-3-0-0. Counsel for the appellant, you may proceed. Good morning, Your Honors, and I plead support. My name is Alexander Munches. I'm with the Office of the State Appellate Defender. I represent Mr. Michael T. Fickes. Mr. Fickes' challenge is only his conviction for aggravated participation in methamphetamine manufacturing. Participation in methamphetamine manufacturing becomes an aggravated offense if it occurs within 1,000 feet of a building that operates as a place of worship or parsonage on the day of the offense. The sole issue in this appeal is whether the state offers sufficient proof of aggravation or proof to enhance this offense. That is, whether the state offers enough proof that the building purported to be the St. James Lutheran Church operated as a place of worship on the day of the offense. If I have a question. Sure. Just curiosity. The fellows' brief says Judge McHaney. The appellee's brief says Judge Schwarm. I'm wondering who actually tried the case. So I believe it was Judge McHaney, but I could check into that. You don't know for sure? I presume it was Judge McHaney. But yes, I'll check into that on my notes with me. Well, that's just, it's not significant on the appeal. I just was curious as to which judge had actually tried the case. Sure. So the state's proof to enhance this offense came in two fleeting references from two law enforcement agents at trial. Officer Bowling, Vandalia Police Department officer, testified that he, that the scene was near the St. James Lutheran Church out here on Gallatin, just south of that, behind the church, 111 feet. Deputy Sheriff Elliman, he testified that he helped the Vandalia police and that he traveled, quote, behind the church. The state's proof on this element were just those two fleeting references. Now, no court in Illinois has held that an officer's mere use of a proper name, near St. James Lutheran Church, or a common noun, church, while testifying may suffice as proof to enhance this element, to enhance this offense. Courts are uniform in saying that something more is needed. It seems to me there was reference in the briefs to the fact that the church is right next to the courthouse. Is that true? I believe so. And I'm curious, is that church right near the entrance to the courthouse? No reference to suggest that. So something more is needed. Simply saying the church's proper name, simply saying the church, is not enough. What courts look for is personal knowledge about specific activities at the place in question. Okay, my problem I'm having, if it's a place of worship, then, is what you have to prove, then is it, when you see a building that looks like a church, you would have to say, well, there's a, what do you call it? There's not a place, it's not a place of worship, maybe, or it is a place of worship. I don't know. Sure. If you say it was by the so-and-so church, is he saying it's by the place of worship, or is he not? Or when he sees the building that's not being used, you say there is an ex-church, it used to be a place of worship? Sure, I think that happens all the time. And, you know, it's common knowledge that when people move out of a building, patterns of language can change. It's not a church anymore. Exactly. Well, I mean, that's not a place of worship. You can take a left by the church, even though the congregation never meets there, the parson no longer lives there. So, the important thing there is for someone with personal knowledge to testify about specific activities at the place. So, a state witness could meet this burden by asking, say, a local officer, why do you call the St. James Lutheran Church? He says, well, before the offense, I saw the congregation meeting. It's got a steeple, and it's got a bell, and it looks like a building different than any building on the street. You don't say that. It's a church because, oh, they're worshiping. You have to look at the specific activities that occur at the place. So, you couldn't say it was a church unless you saw one? You couldn't call it a church, but you wouldn't be proving it was a church. You need to show specific activities that occur at the place. There would have to be a witness with personal knowledge about those activities. Now, when would you have to, what time frame would you have to establish that those activities took place? Sure, I'm glad you asked. I think what we can do is, if you have the specific activities, from there you can infer. So, for example, if a local officer says, I saw a congregation meet there the Sunday before the offense, and I still patrol there, and the congregation still meets, I think a jury could infer from those specific activities that the church was active on the day of the offense. Ideally, you would have, you know, say a parson or a priest testify, I've, you know, presided over this church for years, and say on this date, my church was still active. But you can also infer from specific activities from other witnesses. The key thing, really, is that you have personal knowledge of those activities. Simply pointing to the steeple is not enough. That's because churches move, and linguistic habits remain. So, I think, really, the evidentiary floor in this case is people v. Sims. I think it's a very good exemplar case. The question there was whether the building was operating as a church on the day of the offense. The local officer testified that he was familiar with the neighborhood and the church at issue. He said that the church was, in fact, open on the day of the offense. The state entered a photograph of the church. Another officer testified that the photograph accurately represented the church on that day of the offense. That's an ideal case. So, something more in these cases requires very, very little. However, there is something more required. That's necessary because, as I discussed with you, Judge Welch, it's common sense that churches and other entities cease to operate if the physical structures and signs may remain. It's also common sense that people nearby may refer to a now-defunct building as a church, even though the congregation doesn't meet there anymore. And so, in this case, conviction for aggravated participation in meth manufacturing required at least some proof about the operation of the building. That was personal knowledge about specific activities in it. Pleading references to the name alone were not enough. So, the state failed to carry its burden on this issue. Mr. Fick has asked that this be reduced. Let me stop you there. Sure. Are you citing a case for a place of worship? Is that an appellate case, or is that a Supreme Court case? No, I supreme it. Sure. All these cases, I believe, are appellate cases. Right. And all these cases are uniform in requiring something more. How many cases? I think, in that case, yes. Is there one from the Fifth? There it is, an unpublished order from the Fifth where Justice Welch agreed to sign it. Well, you can't sign an unpublished order. Exactly, you can't. So, there's no cases from the Fifth. Correct. No, I mean, there are cases that have arisen in the Fifth. Excuse me? I have no published decision in the Fifth. You can't say. Correct. So, the appellate court, all these published decisions are uniform in requiring something more. I believe that one case, People v. Foster, that something more was the defendant's admission that the place, in fact, was a church. However, all these cases require something more. The State didn't present that something more in this case. We ask that this Court reduce Mr. Hicks' conviction and remand for a new sentence. This was a jury trial? Correct. Thank you. May it please the Court? Counsel? Jennifer Camden on behalf of the People. There are two points that I want to emphasize. Oh, sorry. It's the Court.  Okay. There are two points that I want to emphasize. The first is the difference between the type of proof that's required to show the different parts of this required element. There are really two separate parts of the required element. First, that the building was used primarily for religious worship, just the building's use part of the element, independent of any kind of temporal requirement. And then second, the State's required to show that that was true, that the building's use was for religious worship on the date of the offense. The second point that I want to emphasize is the distinction, the factual distinction, between this case and the Ortiz case, the Cadena case, and even the Sims case, on the issue of the evidence required for the, on the use of the building on the date of the offense, on the temporal element. Now, as for the first point, in this case, there was evidence that the residence in question was 111 feet from a church, that is, a building used primarily for religious worship. Now, for the moment, I'm just going to talk independently of the issue of time. The text of the statute defines a place of worship as a church or other place used primarily for religious worship. So, proof that a building is a church is proof that it's used primarily for religious worship. And both the Sims case and the Foster case bear that out and hold that nomenclature alone is sufficient proof that a building called a church is used primarily for religious worship. But didn't the Sims case also have testimony that the officer testified that he could remember that church being there as long as he could remember? That's true, Your Honor. Was there any testimony like that in this case? No, Your Honor, but I'll explain why that's not dispositive here. In the Sims case, the officer personally pointed out that the Sims opinion resolved the first issue, the issue of whether nomenclature alone was enough, at paragraph 133. That's just the first issue, whether calling it a church shows that it was used primarily for religious worship. And then the court went on to consider evidence of whether the state had proven the use of the church as a place for religious worship on that day. And it was in that context that the court considered the officer's testimony that he was familiar with the neighborhood and that he knew that it was open on that day. The difference between this case and the Sims case is this. It's just the same difference that exists in the Ortiz case and in the Cadena case. And that is that in all three of those cases, including Sims, the state presented evidence of the crime completely independent of evidence of the existence of the church. What I mean by that is that an officer described what he saw with respect to the crime, a drug sale or a controlled sale, and didn't in that testimony refer to the church as any kind of landmark with reference to the evidence of the crime. And that was why in all three of those cases, the state was required to go back and separately show that the drug transaction occurred near a church and then prove whether the church was open or existed primarily as a place for religious worship on that date. So although the officer in Sims testified that the church was open on the date of the offense, in this case, unlike in the Sims case, the officers, both of them, referred to the building as being a church on the date of the offense. Officer Bowling, who was a city of Vandalia police officer and had been so for seven years, testified that during the search, which occurred on the charged date of January 30th, 2013, a prescription bottle, which was taken in evidence and part of the evidence against the defendant, was found in the yard of the residence at issue and that it was closer to the church than to the home at issue or to another residence. And Officer Halliman testified that... So you're suggesting that referring to the church in the present tense is sufficient? In the present tense at the trial, it... So he's describing the church at that time in its present tense as a church. Is that sufficient? I think that it is... No, I think that what is required is evidence from which a jury could infer that the officer is talking about... He was called to respond to the scene of the suspected meth lab question, and then he went to that location. Question, where was that location? Answer, it was behind the church, directly across from this building on 7th Street. So it's clear from that testimony. And Officer Bowling also testified that the building was behind the St. James Lutheran Church specifically. So it's clear from the testimony that the officers were referring to the church as a landmark with reference to where they responded to and where the evidence was found. And that's the difference between this case and Sims and Ortiz and Cadena. So we know that the church existed on the date of the offense. And from Sims and Foster, we know that reference to the building as a church is sufficient proof from which a jury could infer that it was a place of worship. So the question is whether the reference to the church is... So the issue of whether the reference to the building as a church is sufficient depends on whether the reference to the church is referring to a time on the date of the offense or the time after the offense. And that's the difference between this case and Ortiz. In Ortiz, the crime was described irrespective of evidence of the church. And then separately, an officer testified that on some later date, he measured the distance between the site of the crime and the site of a church. Well, that proved that the church existed on the date of the measurement, not the date of the crime. And that's the difference between that case and this one. Is there evidence on the date of the measurement? I believe, as the defendant points out in the pre-sentence investigation, that it occurred about four days later. But that's not what... That was not in the trial? No, no, that wasn't presented. But even if it had been, that wouldn't have proven that the building was a place of worship on the date of the crime, which is what the state was required to prove. So the reason why... Was there any concession about that in the trial or any stipulation? I didn't make a pardon, Your Honor? Was there any concession or stipulation about that in the trial? Well, the defense at the... I believe it was the motion for direct verdict or the motion for judgment notwithstanding the verdict, conceded that the state had proven that the sale occurred within 1,000 feet of the church. But the state's still required to have evidence on the record of that. And the reason that the state did present evidence that the sale occurred within 1,000 feet... Sorry, that the manufacturing occurred within 1,000 feet of the church on that date is that reasonable jury could believe that the officers testifying about the existence of the church would have known the operational status of that building on that date. And again, Sims and Foster hold that a building's name is sufficient proof that it was a place of worship on whatever date the reference to the church is made. I also want to point out that the Foster case, defendant argues, is distinguishable because it was based on a stipulation. But the stipulation in that case was just a distance between a building called New Hope Church and the site of the sale was 580 feet. The question of whether the building was known as New Hope Church and the question of the distance, those questions weren't challenged. The issue in Foster was whether the stipulated name of the building was sufficient to prove that the building's primary use was as a place of worship. And the answer to that question was yes. And Foster was followed in the Sims' opinion at paragraph 133. So also I want to point out that in answer to your question, Your Honor, I guess the evidence shows that the church building was across the street, directly across the street from the courthouse. Multiple witnesses referred to it, and the judge himself also referred to it as being across the street. In fact, when the jury took a break, I think a lunch break, the judge told the jury not to go across the street and look at the site where this had occurred. Is there any further questions? Thank you, counsel. Rebuttal. Thank you. I have a question. Sure. Does a place of worship have to be a building? Does a place of worship have to be a building? Mm-hmm. You know, building is not defined as a term of art within the Methane and Methamine Control Act. So I think that would become a common law question. I think, you know, the court may look to, say, burglary cases to try to figure out if a place of worship was a building without, you know, doing any research. My gut instinct is that there should be a building involved. However, I think that the statute is really directed at specific activities that occur within the space. So what this court would want to look at is whether or not a congregation met there, whether or not a parson was there, and that would be the key inquiry. Well, if a congregation met there, they could meet at a fire pit. Exactly, that space. So a place of worship. And every Sunday they could come, or every day, whatever, they could dance around the fire. That would be a place of worship, wouldn't it? Exactly. So you couldn't have a drug- No, you could have a church there. Yeah, a place of worship could be a fire pit, yes, say if everybody met there regularly. But the key really is the specific activities. So then the complaint would have said within 500 feet or 1,000 feet of a fire pit. Yeah, but maybe the capital letter or something, yeah, the fire pit. Oh, okay. So I looked into the question about who the trial judge was. My notes indicated it was Schwarm. So I believe that the cover of the opinion required was taken. Okay, so the stakes between the parties are clear. The state says name alone is enough. In defense, we clearly focus on specific activities. We think that the bulk of Illinois telecourt law on this issue supports our position. We have a radically different understanding of the sins and foster that the state presents today. What we say is that the court needs to look at the specific activities that occur in this space, and that should come from a witness with personal knowledge. If there are no further questions, again, we ask that this court reduce Mr. Pickus' conviction and remand for a new sentencing hearing. Thank you. Thank you, counsel. The court will take the matter under advisement and issue a decision in due course.